UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X    Civil Action No.: 18-CV-02404
Yaping Lin, Min Huang, individually and on behalf all
other employees similarly situated,

       Plaintiffs,    **ANSWER**

  - against -

New Nakata Sushi Inc. d/b/a Nakata Japanese Fusion, Ting
Fong Ho, Ting Fong Hu, "John" (First Name Unknown)
Zhong
       Defendants.
-----------------------------------------------------------------X

  Defendants New Nakata Sushi, Inc. d/b/a Nakata Japanese Fusion, Ting Fong Ho, Ting Fong Hu and "John" (First Name Unknown) Zhong (hereinafter collectively referred to as "Defendants"), by their attorney, Lawrence Lo, as and for their answer to Plaintiffs Yaping Lin, Min Huang, individually and on behalf all other employees similarly situated, complaint, alleges, upon information and belief, as follows:

## I
## ADMISSIONS AND DENIALS

  1. Defendants deny each and every allegation of the complaint numbered "1", "2", "3", "4", "7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "36", "37", "38", "39", "40", "42", "43" "44", "45", "46", "47", "49", "50", "51", "52", "53", "54", "55", "56", "57", "58", "59", "60", "61", "62", "65", "66", "67", "72", "73", "74", "75", "76", "77", "78", "80", "81", "82", "84", "85", "86", "87", "88", "89", "90", "92", "93", "94", "96", "97", "99", "100", "101", "102", "104", "105", "106", "108", "109", "110", "111", "112", "113", "115", "116", "117", "118", and "119" except to admit that New Nakata Sushi, Inc. ("New Nakata") is a domestic business corporation organized under the laws of New York on or about January 15,

2010, that New Nakata's business is located at 1775 Richmond Road, Staten Island, New York 10306, that New Nakata was and still is a single location restaurant engaged in commerce with full and part-time employees including former employees Yaping Lin and Min Huang but refer all alleged conclusions of law and references by Plaintiffs to State and Federal statutes to the court.

2. Defendants are without information to admit or deny the allegations in paragraphs "5", "6", "46", "48", "63", "64", "68", "69", and "70" except to admit that the restaurant is owned and operated by New Nakata Sushi, Inc. d/b/a "New Nakata"; that the court has subject matter jurisdiction, and that Venue is proper in the Eastern District of New York but refer all alleged conclusions of law and references to State and Federal statutes to the court.

3. Defendants repeat and reiterate the admissions and denials to the numbered allegations in paragraphs "71", "79", "83", "91", "95", "98", "103", "107", and "114" with the same force and effect as if more fully set forth hereat.

## II
## DEFENSES

### FIRST DEFENSE

4. The court lacks personal jurisdiction over Defendants Ting Fong Ho ("Ho"), Ting Fong Hu ("Hu") and "John" (First Name Unknown) Zhong ("Zhong") because plaintiffs never served the summons and complaint on Defendants Ho, Hu and Zhong.

### FIRST AFFIRMATIVE DEFENSE

5. Plaintiffs should be barred from any recovery by reason of Failure to State a Cause of Action.

## SECOND AFFIRMATIVE DEFENSE

6. That plaintiff's claims, the collective class and the opt-in collective action and damages are exaggerated and was filed to intimidate Defendants.

## THIRD AFFIRMATIVE DEFENSE

7. That at all times relevant, Defendants complied with the Federal Labor Standards Act ("FSLA").

## FOURTH AFFIRMATIVE DEFENSE

8. That at all times relevant, Defendants complied with the New York Labor Laws ("N.Y.L.L.").

## FIFTH AFFIRMATIVE DEFENSE

9. That at all times relevant, Defendant Nakata posted the alleged Notices Required By Law and in a conspicuous place/manner.

## SIXTH AFFIRMATIVE DEFENSE

10. That at all times relevant, Defendants did not retain any portion of the tips allegedly due Plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

11. That at all times relevant, Defendant Nakata kept records of Plaintiffs' alleged hours and wages in compliance with the FSLA and N.Y.L.L.

## EIGHTH AFFIRMATIVE DEFENSE

12. That plaintiffs did not and has not sufficiently plead any cause of action for any similarly situated employees as a collective within the meaning of the FSLA and/or the N.Y.L.L. to be certified as a "Class Action", and Plaintiffs' filing has not met the requirements of Rule 23(a) and (b).

### NINTH AFFIRMATIVE DEFENSE

13. Plaintiffs should be barred from any recovery by reason of Unclean Hands.

### TENTH AFFIRMATIVE DEFENSE

14. That Plaintiff Lin committed Unemployment Insurance ("UI") fraud. That is, Lin's purported long hours and low pay in violation of the minimum wage law is in-opposite with the claim he filed with the NYS Labor Department.

### AS AND FOR A FIRST COUNTERCLAIM

15. Defendant New Nakata realleges and incorporates by reference the allegations numbered "1" through "14" as if fully set forth hereat.

16. Defendant Nakata is the owner and operator of New Nakata Sushi Inc. d/b/a Nakata Japanese Fusion at 1775 Richmond Road, Staten Island, New York.

17. Plaintiff Lin, a former employee, knowingly and willfully filed false and misleading information with the Labor Department to obtain higher Unemployment Insurance ("UI") benefits from the Labor Department and from New Nakata.

18. By reason of the foregoing, Defendant New Nakata has and will be damaged in an amount to be proven at trial but believed to be in excess of the jurisdictional limits.

**WHEREFORE**, Defendants respectfully request that the court enter judgment:

    A.    Dismissing plaintiffs' complaint with prejudice on all counts;

    B.    Awarding Defendants cost and disbursements in this action;

    C.    Awarding Defendants reasonable attorney fees in defense of the action;

    D.    Granting Defendants such other and further relief which, to this court, seems just;

and,

     E.    Referring Plaintiff Lin's UI filing and receipt of payments to the Labor Department for Civil/Criminal investigation.

Signed this 29th day of May, 2018

                                      Yours, etc.,
                                      Lawrence Lo, Esq.
                                    Attorney for Defendants
                                    New Nakata Sushi, Inc. d/b/a Nakata
                                    Japanese Fusion, Ting Fong Ho,
                                    Ting Fong Hu and John Zhong
                                    132 Greenpoint Avenue, Suite B1,
                                    Brooklyn, NY 11222
                                    Tel: (718) 383-5230
                                    Fax: (718) 383-2129

To:    Rui Ma, Esq.
        Hang & Associates, PLLC
        Attorneys for Plaintiffs
        136-20 38th Ave., Suite 10G
        Flushing, New York 11354
        Tel: (718) 353-8588
        Email: rma@hanglaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X   Civil Action No.: 18-CV-02404
Yaping Lin, Min Huang, individually and on behalf all
other employees similarly situated,

                               Plaintiffs,                     **ATTORNEY VERIFICATION**

     - against -

New Nakata Sushi Inc. d/b/a Nakata Japanese Fusion, Ting
Fong Ho, Ting Fong Hu, "John" (First Name Unknown)
Zhong
                               Defendants.
-------------------------------------------------------------------------X
STATE OF NEW YORK    )
                              :   SS.:
COUNTY OF KINGS      )

       The undersigned, an attorney admitted to practice in the United States District Courts of the Eastern District of New York states affirmant is counsel to Defendants, New Nakata Sushi, Inc. d/b/a Nakata Japanese Fusion, Ting Fong Ho, Ting Fong Hu and John Zhong; affirmant has read the foregoing **ANSWER** and knows the contents thereof; the same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief and that as to those matters affirmant believes it to be true.

       The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are as follows: investigation made relative to the subject matter, information and records in his file.

       The undersigned affirms that the foregoing statements are true under the penalties of perjury, and the reason for the attorney's verification is that Defendants' county of residence/business is in a different county then the attorney's office.

Dated: Kings, New York
         May 29, 2018

                                                                _____
                                                                Lawrence Lo, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
Civil Action No.: 18-CV-02404
-------------------------------------------------------------------------X
Yaping Lin, Min Huang, individually and on behalf all other employees similarly situated,

                                    Plaintiffs,

      - against -

New Nakata Sushi Inc. d/b/a Nakata Japanese Fusion, Ting Fong Ho, Ting Fong Hu, "John" (First Name Unknown) Zhong

                                Defendants.
-------------------------------------------------------------------------X
               **ANSWER**
-------------------------------------------------------------------------X
Lawrence Lo, Esq.
Attorney for Defendants
New Nakata Sushi, Inc. d/b/a Nakata Japanese Fusion, Ting Fong Ho, Ting Fong Hu and John Zhong
132 Greenpoint Avenue, Suite B1,
Brooklyn, NY 11222
Tel: (718) 383-5230
Fax: (718) 383-2129
-------------------------------------------------------------------------X
Rui Ma, Esq.
Hang & Associates, PLLC
Attorneys for Plaintiffs
136-20 38th Ave., Suite 10G
Flushing, New York 11354
Tel: (718) 353-8588
Email: rma@hanglaw.com
-------------------------------------------------------------------------X